872 F.2d 1031
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Allan WRIGHT, Plaintiff-Appellant,
v.
JEFFERSON COUNTY POLICE DEPARTMENT, Edgar Helm, Walter
Tangle, Officer, John Spellman, Officer, Commonwealth's
Attorney, Jefferson County, David L. Armstrong, Delores Hill
Pregliasco, David Stengel, Attorney General, State of
Kentucky, Penny Warren, Richard Greathouse, Coroner, George
Riggs, Estate of Debra Anderson, Lenore Anderson, Richard
Anderson, Jackie Theis, Vickie Johns, Sarah Marie Eddy,
Margaret Fisher, Janet Gibson, Vince Gibson, Barry Bingham,
Jr., Harvey Diamond, Dr., Emergency Medical Associates, John
Abell, Olga Peers, Defendants-Appellees.
 No. 88-5916.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed this civil rights action under 42 U.S.C. Secs. 1983 and 1985 alleging the named defendants caused him to be wrongfully convicted of various Kentucky felonies in 1982. The district court found the complaint to be time barred and dismissed it as frivolous under 28 U.S.C. Sec. 1915(d). The instant appeal followed the denial of a motion for rehearing. Plaintiff filed a brief pro se.
 
 
 3
 Upon consideration we find that, regardless of the limitations of action issue, the complaint is meritless. The defendants were either immune from monetary damages or were not said to have committed a cognizable constitutional tort. Plaintiff's complaint is yet another attempt to collaterally attack the underlying Kentucky state court conviction following his unsuccessful effort to obtain federal habeas corpus relief. Plaintiff's attempt to state a claim for a continuing constitutional violation separate from his criminal conviction was without merit. McCune v. City of Grand Rapids, 842 F.2d 903, 905-6 (6th Cir.1988).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.